UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWNDRIKA LAWRENCE,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 20-1615 |
| JEFFERSON PARISH<br>PUBLIC DEFENDERS,<br>    Defendant | SECTION: "E" (5) |

### ORDER AND REASONS

Before the Court is a Motion Filed on Behalf of Richard M. Tompson, in His Official Capacity as District Defender, 24th Judicial District, State of Louisiana, to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction; for Peremption; and Alternatively for Failure to State a Claim.[1] Plaintiff Shawndrika Lawrence has filed no opposition to the motion. For the following reasons, the motion is **GRANTED**.

### I.    Factual Background

Plaintiff Shawndrika Lawrence alleges that on April 7, 2016, the Jefferson Parish Sheriff's Office ("JPSO") stopped her vehicle, in which JPSO ultimately found narcotics.[2] After a later search of her home, the JPSO discovered more narcotics.[3] The JPSO arrested Plaintiff and transported her to the JPSO Narcotics Division Office, where the JPSO Defendants charged her with possession of marijuana, alprazolam, and oxycodone.[4] The Jefferson Parish District Attorney prosecuted her on the charges.[5]

---

[1] R. Doc. 42.
[2] R. Doc. 40 at ¶¶ 24-30.
[3] *Id.* at ¶¶ 35, 37, 39.
[4] *Id.* at ¶ 43.
[5] *Id.* at ¶ 51.

1

Richard M. Tompson ("Tompson"), Jefferson Parish Public Defender, appointed Public Defender Aubry Harris to defend Plaintiff.[6] Plaintiff informed Tompson that an inappropriate communication had occurred between Harris and Plaintiff's civil lawyer. Tompson then assigned Federal Public Defender Donna Oregula to defend Plaintiff.[7] During a court appearance, Oregula informed Plaintiff that the District Attorney ("DA") was offering Plaintiff a plea deal, but Plaintiff informed Oregula that she wanted to proceed to trial.[8]

On May 31, 2017, Plaintiff appeared for trial, and Oregula advised her of the risks associated with rejecting the plea deal.[9] Plaintiff asked for another Public Defender, which request was denied.[10] Oregula later appeared before the court and informed the judge that Plaintiff was withdrawing her plea of not guilty and pleading guilty.[11] The court sentenced Plaintiff to two years at hard labor – which it suspended – and five years active probation.[12]

Plaintiff then sued various defendants in this Court. Plaintiff sues Joseph P. Lopinto, III; Agents Devin C. Dominic, Nicholas Schlacter, Monson, and Williams; Jefferson Parish District Attorneys Paul D. Connick, Jr. and Joseph E. Lucore; the Louisiana Defender Board; District Public Defender Richard M. Thompson;[13] the JPSO; Oregula; Harris; Jefferson Parish; as well as various unidentified insurance companies.[14] Specifically, against Richard M. Tompson – who has filed the motion to dismiss – Plaintiff

---

[6] *Id.* at ¶ 53.
[7] *Id.* at ¶¶ 62-63.
[8] *Id.* at ¶¶ 65-66.
[9] *Id.* at ¶ 73-74.
[10] *Id.*
[11] *Id.* at ¶ 75. The court then conducted a Boykin hearing during which Plaintiff admitted that she was knowingly pleading guilty. R. Doc. 42-2 at pp. 3-6; *see also Boykin v. Alabama*, 395 U.S. 238 (1969).
[12] R. Doc. 40 at ¶¶ 76-7.
[13] "Thompson" have should been spelled "Tompson."
[14] R. Doc. 40 at ¶ 3-23.

alleges (1) violations of the Sixth and Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983, (2) negligence, (3) outrageous conduct, and (4) negligent infliction of emotional distress.[15] Plaintiff also alleges a claim of "Legal Malpractice Ineffective Assistance of Counsel" against Tompson, Oregula, and Harris.[16] Tompson now moves to dismiss all claims against him.

## II. Standard of Review

### A. Dismissal for Lack of Subject-Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, the Court must dismiss the action if it finds it lacks subject-matter jurisdiction.[17] The party asserting jurisdiction must carry the burden of proof in response to a Rule 12(b)(1) motion to dismiss.[18] In deciding a motion to dismiss for lack of subject-matter jurisdiction, "the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."[19] The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6).[20]

### B. Dismissal for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle

---

[15] *Id.* at ¶¶107-20.
[16] *Id.* at ¶136-43. Oregula and Harris have not yet appeared in this lawsuit. Plaintiff also alleges claims of malicious prosecution and prosecutorial misconduct against Tompson, Oregula, and Harris. The Court assumes that Plaintiff inadvertently included Tompson, Oregula, and Harris in these claims given that they are Louisiana Public Defenders. The Court will thus not address these two claims.
[17] Fed. R. Civ. P. 12(h)(3); *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[18] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir.2011).
[19] *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (internal quotation marks and citation omitted).
[20] *United States. v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D.La. Sept.19, 2003).

him to relief.[21] "Factual allegations must be enough to raise a right to relief above the speculative level."[22] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] However, the court does not accept as true legal conclusions or mere conclusory statements.[25] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[26]

## III. Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[27] Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 does not apply, however, in cases in which the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or "is wholly insubstantial and frivolous."[28] The party

---

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[22] *Twombly*, 550 U.S. at 555.
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[24] *Id.*
[25] *Id.*
[26] Id. (quoting Fed. R. Civ. P. 8(a)(2)).
[27] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[28] *Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ").

4

asserting jurisdiction bears the burden of establishing the district court possesses subject-matter jurisdiction.[29]

Subject matter jurisdiction also may be premised on diversity of citizenship. Under 28 U.S.C. § 1332(a), jurisdiction is proper when (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000.[30] The parties are completely diverse when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[31]

There is no diversity jurisdiction in this case. By Plaintiff's own admission, she and all Defendants are citizens of Louisiana.[32]

Neither is federal question jurisdiction under Section 1331 supported by Plaintiff's allegations against Tompson.[33] The only federal claims asserted against Tompson are Equal Protection and Due Process claims asserted under 42 U.S.C. § 1983, which provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights.[34] "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'"[35]

Plaintiff does not allege that Tompson is a state actor. Even if she had, such an allegation does not state a claim for relief that is plausible on its face. The Supreme Court has held – and the Fifth Circuit has consistently affirmed – that a public defender is not a state actor or acting under the color of law for purposes of Section 1983 when he is

---

[29] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[30] *See* 28 U.S.C. § 1332(a).
[31] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).
[32] R. Doc. 40 at ¶¶2-15.
[33] There is federal question jurisdiction over other defendants – state actors – but that does not confer federal question jurisdiction over Tompson.
[34] 42 U.S.C. § 1983.
[35] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

performing the traditional duties of representing a defendant in a state criminal proceeding.[36] In this case, all of Plaintiff's allegations against Tompson – as well as Oregula and Harris[37] – arise out of Oregula's and Harris's representation of her. Plaintiff alleges that Oregula and Harris failed to properly investigate her defense when they "knew all the facts surrounding Plaintiff [sic] arrest" and failed to suppress the allegedly illegally obtained evidence.[38] Plaintiff also faults them for failing to "tender a notice of appeal and perfect an appeal on the sentencing court's conviction sentencing guidelines."[39] All of these duties arise, however, from Oregula's and Harris's – and indirectly from Tompson's – representation of Plaintiff in her state criminal proceeding. As such, none of them was acting under the color of state law when he or she represented Plaintiff. Even if all allegations are considered true, Plaintiff has not stated a claim on which relief may be granted against Tompson under Section 1983. As a result, the Court has no federal question jurisdiction.

## IV. Supplemental Jurisdiction of State-Law Claims

Plaintiff also has made state-law claims against Tompson. If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over state law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

---

[36] *See Polk v. Dodson*, 454 U.S. 312, 325 (1981) ("With respect to Dodson's § 1983 claims against Shepard, we decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Miles v. Aldredge*, 795 F. App'x 319 (5th Cir. 2020) (affirming district court's denial of leave to appeal *in forma pauperis* after finding that public defenders cannot be sued for performing traditional legal functions); *Wallace v, Marshall*,786 F. App'x 481 (5th Cir. 2019) (affirming district court's summary dismissal of Section 1983 claim against state-appointed attorney): *Robinson v. Corbett*, 735 F. App'x 137 (5th Cir. 2018) ("Court-appointed lawyers are not state actors for § 1983 purposes when they are performing a lawyer's traditional functions as counsel in a criminal proceeding.").
[37] It must be remembered that Oregula and Harris were the actual court-appointed defenders on Plaintiff's case, and Tompson is the Jefferson Parish Public Defender.
[38] R. Doc. 40 at ¶139.
[39] *Id* at ¶142.

III of the United States Constitution."[40] This requirement is met if the state claims "derive from a common nucleus of operative fact" with the original federal claims,[41] such that the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises one constitutional "case."[42] Supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background.[43] "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim."[44]

Upon dismissal of the federal claim that served as the basis for original jurisdiction, the district court retains its statutory supplemental jurisdiction over any related state law claims.[45] Yet the Court may choose whether or not to exercise supplemental jurisdiction.[46] "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[47] The "general rule" in the Fifth Circuit is to decline to exercise jurisdiction over supplemental state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial—but that rule "is neither mandatory nor absolute."[48]

28 U.S.C. § 1367(c) enumerates the circumstances in which district courts may refuse to exercise supplemental jurisdiction:

---

[40] 28 U.S.C. § 1367(a).
[41] *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)).
[42] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).
[43] *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009).
[44] *Birdo v. Mathis*, Case No. 3:15-cv-00456, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted).
[45] *Briley v. Barreca*, Civ. A. No. 20-907, 2021 WL 269767, at *3 (E.D. La. Jan. 27, 2021) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009)).
[46] *Id.*
[47] *Id.* at 639 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").
[48] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

7

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[49]

The Court's decision to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[50] "No single factor" in the supplemental jurisdiction analysis is dispositive.[51] Courts must review all of the factors under "the specific circumstances of a given case."[52]

Plaintiff alleges the state-law claims of legal malpractice, negligence, negligent infliction of emotional distress, outrageous conduct, and legal malpractice.[53] All four are state-law claims that provide this Court with no independent basis for federal subject-matter jurisdiction. While the parties have not cited us to – and this Court has found no – case law on point in the Fifth Circuit, *Holloway v. City of Milwaukee* is persuasive and instructive.[54]

In *Holloway*, the Plaintiff alleged various civil rights claims under Section 1983 against Milwaukee and numerous police officers arising from his arrest and 1993 conviction on two charges of rape for which he served 23 years in prison.[55] He also raised

---

[49] 28 U.S.C. § 1367.
[50] *Batiste*, 179 F.3d at 227; *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992).
[51] *Parker*, 972 F.2d at 587.
[52] *Id*.
[53] The Court uses the term "indirectly" because negligence, negligent infliction of emotional distress, outrageous conduct, and malicious prosecution are alleged against "all defendants" by Plaintiff without ever naming a specific defendant.
[54] Case No. 19-cv-1460, 2020 WL 6870098 (E.D. Wis. Nov. 23, 2020).
[55] *Id*. at *1.

8

a legal malpractice claim against the four attorneys who represented him in the criminal prosecution.[56] The district court found no federal-question jurisdiction over the four defense attorneys because they were not state actors.[57] The district court then found that it had no supplemental jurisdiction over the state-law claims against them.[58] The district court explained at length why it lacked supplemental jurisdiction over the state-law claims:

> Here, Plaintiff's case for malpractice is necessarily focused on the attorney's handling of his case applied to a standard for duties and obligations within the scope of an attorney-client relationship; it does not involve (1) the alleged conspiracy and malicious prosecution orchestrated by the police that deprived him of a fair trial, (2) any failure to intervene by other officers, or (3) the City's failure to train those officers, all of which supply jurisdiction in the first place. *See generally*, ECF No. 66. *See also Krueger v. Nagel*, 2020 WL 6273404, at *2 (E.D. Wis. Oct. 26, 2020) ("Criminal defense attorneys cannot be sued under § 1983 because they do not act under the color of state law; they are the adversary of the State.") (emphasis added) (citing *Polk County*).[59]

The Court further explained the state-law claims for malpractice against the defense attorneys and the Section 1983 claims against the police officers were too different to be tried as one case:

> But Defendant Foley is not involved in the civil rights claims at all; nowhere is he (or any of Plaintiff's other attorneys) mentioned in Counts One through Seven, nor does the amended complaint allege that he collaborated with the police to deprive him of his constitutional rights while acting under color of law. *See generally*, ECF No. 66. The claims and the relevant facts must be more than just tangentially related. That these claims share a broad factual background does not change the fact that these are simply two distinct cases; Plaintiff would not be expected to try a legal malpractice claim for negligent representation alongside a theory of intentional police misconduct that does not implicate the relevant attorney as a participant or co-conspirator. *See, e.g., Zimmerman*, 2006 WL 2546727, at *3 ("[P]laintiff does not allege that [defendant-attorney] engaged in any similar acts of misconduct. Additionally, all of plaintiff's civil rights claims concern intentional acts allegedly committed by the police officer defendants while

---

[56] *Id.*
[57] *Id.* at *4.
[58] *Id.*
[59] *Id.* at *3.

9

>his legal malpractice claim against [defendant-attorney] is entirely void of any allegation of intentional conduct. Accordingly, plaintiff's claims truly are separate and distinct."). Likewise, Plaintiff allegedly suffering the same injury, *i.e.*, wrongful conviction and imprisonment, resulting from the acts of all these defendants is not enough to confer supplemental jurisdiction.[60]

As in *Holloway*, the state-law claims against Tompson in this case do not arise out of the same nucleus of operative facts as the Section 1983 claims alleged against the other Defendants. The state-law claims arise out of the Tompson's, Oregula's and Harris's representation of Plaintiff during her criminal proceeding. These claims are only tangentially related to Plaintiff's claims against the other Defendants, which all arose as a result of the stop of Plaintiff's vehicle, her arrest, and the search of her house. The claims against Tompson, Oregula, and Harris arose as a result of their representation of Plaintiff *subsequent* to those events. Plaintiff would not be expected to try these state-law negligence claims with her Section 1983 claims.[61]

Indeed, the proof required for state-law claims of negligence is unlike that necessary to prove a Section 1983 claim based on a constitutional violation. To allege her state-law claims for negligence, Plaintiff need allege (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence.[62] To prove a claim for excessive force under Section 1983, for example – as Plaintiff alleges in this case – a Plaintiff must prove (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable."[63] Tompson, Oregula, and Harris did not participate in the vehicle stop, the arrest, or the search, nor are there allegations that the three public

---

[60] *Id.* at *3.
[61] Plaintiff's Section 1983 claims include false arrest, excessive use of force, and failure to train the officers.
[62] *Ewing v. Westport Ins. Corp.*, 310 So. 3d 175 (La. 2020) (citing *Costello v. Hardy*, 864 So. 2d 129, 138 (La. 2004)).
[63] *Bush v. Strain*, 513 F.3d 492. 501 (5th Cir. 2008).

defenders conspired[64] with the police or the prosecution.[65] Moreover, all of the acts alleged to have been committed by the agents and the prosecution are intentional in nature, while those alleged against Tompson, Oregula, and Harris sound in negligence. Lastly, there is no indication – and Plaintiff has not demonstrated any – that the trial of the constitutional claims will be affected in any way by the absence of the claims against the public defenders.[66]

Although they have not filed similar motions, the same reasoning justifies dismissing Defendants Oregula and Harris, against whom Plaintiff brings the same state-law claims, including legal malpractice.[67] Federal courts must sua sponte inquire into their subject-matter jurisdiction and dismiss a claim or a lawsuit should it find that it does not possess it.[68] Similar to Tompson, Plaintiff fails to allege that Oregula and Harris are state actors for purposes of Section 1983, thereby depriving this Court of subject-matter jurisdiction over them abased on a federal question. The state-law claims against Tompson, Oregula, and Harris do not form part of the same case or controversy as the

---

[64] While Plaintiff cursorily mentions the conspiracy statute, 42 U.S.C. § 1985, in the opening of her complaint, neither the word conspiracy nor any allegation relating to a conspiracy appears to support an allegation that the three public defenders conspired with the police or the prosecution.
[65] Indeed, one reason that the Supreme Court has held that public defenders are not state actors is because their duties are adversarial to the prosecution and the police. *See Polk*, 454 U.S. at 320.
[66] While the case law on this point and under these factual circumstances is scarce, district courts often hold similarly. *See, e.g., Holloway v. City of Milwaukee*, No. 19-CV-1460, 2020 WL 6870098, at *3 (E.D. Wis. Nov. 23, 2020) (quoting *Mourning v. Ternes Packaging, Ind., Inc.*, No. 1:14-cv-00772, 2015 WL 13646940, at *3 (S.D. Ind. Aug. 24, 2015) (refusing to exercise supplemental jurisdiction over state-law claims including legal malpractice after dismissal of Section 1983 claim); *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009) (same); *Mooney v. Frazier*, Civ. A. No. 3:08-cv-00248, 2008 WL 11429652. At *3 (S.D.W.V. Nov. 18, 2008) (same); *Zimmerman v. City of Eau Claire*, No. 06-C-085-S, 2006 WL 2546727 (W.D. Wis. Aug. 29, 2006) (same).
[67] *See, e.g., Harvey v. Bexar Cnty.*, 753 F. App'x 305, 306 (5th Cir. 2018) (affirming dismissal of action sua sponte under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to raise a nonfrivolous claim and for filing suit against immune defendants); *Champluvier v. Couch*, 557 F. Supp. 2d 748, 751 (N.D. Miss. 2008) (outlining law that provides for dismissal sua sponte of claims that fail to state a claim or are frivolous when plaintiff proceeds *in forma pauperis*).
[68] *Gonzalez v. Thayer*, 565 U.S. 134, 141 (2012).

11

Section 1983 claims against the other Defendants.[69] As a result, the Court will not exercise supplemental jurisdiction over the state-law claims.

Moreover, the Louisiana Public Defender Board ("LPDB") is not capable of being sued under 42 U.S.C. § 1983 as the office is not a "person" under the statute and case law which defines that term.[70] Moreover, even if it were amenable to suit under Section 1983, numerous courts have concluded that public defenders' offices are not state actors for purposes of Section 1983.[71] Accordingly, Plaintiff's Section 1983 claim against the LPDB does not state a plausible claim on its face and is dismissed sua sponte for lack of federal-question jurisdiction and for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The state-law claims against LPDB do not form part of the same case or controversy as the Section 1983 claims against the other Defendants. As a result, the Court will not exercise supplemental jurisdiction over the state-law claims.

## V. Amendment

This Court denies any potential request by Plaintiff to amend her complaint. Plaintiff filed her complaint on May 29, 2020.[72] On December 22, 2020, this Court granted Plaintiff leave to file an amended complaint to address the deficiencies raised in

---

[69] R. Doc. 40 at ¶¶ 132, 136.
[70] *Lavergne v. Pub. Def. Fifteenth Jud. Dist. Ct.*, No. Civ. A. 6:13-2139, 2014 WL 931502, at *4 (W.D. La. Mar. 10, 2014), *aff'd*, 583 F. App'x 362 (5th Cir. 2014); *Ingram v. State of La. Office of indigent Defen. Bd.*, Civ. A. No. 13-435, 2013 WL 1637121, at *3 (E.D. La. Mar. 13, 20143) ("[T]he "Louisiana Public Defender Board" is a state agency. La. Rev. Stat. Ann. § 15:146(A)(1). Therefore, the claim against the Board likewise fails, because state agencies are not "persons" subject to suit under § 1983."); *Montgomery v. City of Lake Charles*, No. 2:10-1297, 2011 WL 887910, *2 (W.D. La. 2011) (citing *Foster v. Orleans Par. Publ. Defendants Office*, Civ. A. No. 10-4563. 2011 WL 446031, *2 (E.D. La. 2011) and *Fondol v. Orleans Par. Dist. Attorney Office*, Civ. A. No. 08-4158, 2008 WL 4891238, *2 (E.D. La. 2008)); *Fondol*, 2008 WL 4891238 at *2-3 (citing *Burge v. Parish of St. Tammany*, Civ. A. No. 91-2321, 1997 WL 10243, *8 (E.D. La. 1997)); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (same under Texas law).
[71] *See Amir-Sharif v. Dallas Cnty. Pub. Defen. Office*, 233 Fed. Appx. 364 (5th Cir. 2007) (holding that court-appointed counsel and Public Defenders Office are not state actors for § 1983 purposes); *Johnson v. Louisiana*, 2009 WL 1788545 (W.D. La. 2009) (holding that public defender and Public Defenders Office are not state actors when representing their indigent clients).
[72] R. Doc. 1.

Tompson's first motion to dismiss.[73] The issues raised in Tompson's first motion to dismiss are the exact issues that Tompson raises now.[74] On January 15, 2021, Plaintiff filed a motion to leave a second complaint to change the incorrect spelling of a Tompson's name.[75] This Court granted her leave to do so.[76]

On February 12, 2021, Defendants moved to strike the second amended complaint and to dismiss Plaintiff's first amended complaint for the same reasons as before, namely, lack of subject-matter jurisdiction, peremption, and for failure to state a claim.[77] Plaintiff again moved to amend her complaint.[78] This Court granted her leave to do so.[79] That complaint is now before the Court.[80]

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting to amend."[81] Although leave to amend is not "automatic," a district court must possess a "substantial reason" to deny a motion under Rule 15(a).[82] In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the

---

[73] R. Doc. 19.
[74] R. Doc. 14.
[75] R. Doc. 23.
[76] R. Doc. 24.
[77] R. Docs. 30, 31.
[78] R. Doc. 35. Plaintiff titled the motion as a Motion for Leave to File aa Second Amended complaint when in reality, it was her third amended complaint.
[79] R. Doc. 39.
[80] R. Doc. 40.
[81] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[82] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

amendment."[83] A court may properly refuse to grant leave to amend if the plaintiff failed to cure a defect after being given earlier opportunity to do so.[84]

Tompson has filed three motions to dismiss on the same grounds of lack of subject-matter jurisdiction, peremption, and failure to state a claim.[85] Plaintiff thus failed to cure the deficiency of subject-matter jurisdiction raised for the first time on November 24, 2020[86] despite her repeated amended complaints. This Court denies any request to amend given Plaintiff's repeated failures to cure the deficiencies alleged in Tompson's motions to dismiss.

## VI. Conclusion

For the foregoing reasons,[87]

**IT IS ORDERED** that the motion to dismiss[88] is **GRANTED**, and Plaintiff's claims against Richard M. Tompson in his Official Capacity as District Defender, 24th Judicial District, State of Louisiana, Donna Oregula, Aubry Harris, and the Louisiana Public Defender Board are **DISMISSED WITHOUT PREJUDICE** to refile in state court, should circumstances so warrant.

**New Orleans, Louisiana this 3rd day of May, 2021.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[83] *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 16-CV-15397, 2020 WL 3415976, at *1 (E.D. La. May 27, 2020).
[84] Arthur R. Miller et al., *When Leave to Amend May Be Denied*, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.). *See, e.g., Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988) (denying a third leave to amend because plaintiff failed to "remedy the most basic deficiencies in his earlier complaints"); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) (denying leave to amend after plaintiff subsequently failed to add the requisite particularity in its claims the first two times).
[85] R. Docs. 14, 31, 42.
[86] R. Doc. 14.
[87] Because the Court dismisses Plaintiff's claims on the above grounds, it need not address the other arguments raised by Defendants in the motion to dismiss.
[88] R. Doc. 42.