UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWNDRIKA LAWRENCE,<br>   Plaintiff | CIVIL ACTION |
| VERSUS | NO. 20-1615 |
| JEFFERSON PARISH<br>PUBLIC DEFENDERS<br>   Defendant | SECTION: "E" (5) |

### ORDER AND REASONS

Plaintiff Shawndrika Lawrence has filed a Motion to Stay All Proceedings Pending Exhaustion of Plaintiff State Court Post Conviction Relief Remedies.[1] Defendants Sheriff Joseph P. Lopinto, III; Deven C. Dominic; Nicholas Schlacter; Mark Monson; and Sean Williams have filed an opposition.[2] Plaintiff has filed a reply.[3] For the following reasons, Plaintiff's motion to stay is **DENIED**.

### BACKGROUND

Plaintiff Shawndrika Lawrence alleges that on April 7, 2016, Defendants Dominic, Schlacter, Monson, and Williams, employees of the Jefferson Parish Sheriff's Office ("JPSO"), stopped her vehicle and ultimately found narcotics.[4] After a later search of her home, JPSO officers discovered more narcotics.[5] JPSO officers arrested Plaintiff and transported her to the JPSO Narcotics Division Office, where the JPSO Defendants charged her with possession of marijuana, alprazolam, and oxycodone.[6] The Jefferson Parish District Attorney prosecuted her on the charges, and she ultimately pleaded guilty.[7]

---

[1] R. Doc. 77.
[2] R. Doc. 81.
[3] R. Doc. 86.
[4] R. Doc. 40 at ¶¶ 24-30.
[5] *Id.* at ¶¶ 35, 37, 39.
[6] *Id.* at ¶ 43.
[7] *Id.* at ¶¶ 51, 75.

1

The state court sentenced Plaintiff to two years at hard labor—which it suspended—and five years' active probation.[8]

Plaintiff filed suit in this Court against various Defendants involved in her arrest and prosecution, alleging they violated her constitutional rights and committed state-law torts.[9] The remaining Defendants in this case are Joseph P. Lopinto III in his official capacity as Sheriff of Jefferson Parish; the Jefferson Parish Sheriff's Office, in its individual and official capacities; and the Sheriff's Office's employees Devin C. Dominic, Nicholas Schlacter, Mark Monson, and Sean Williams, all in their individual and official capacities.[10] Plaintiff also sued various unidentified insurance companies.[11]

Plaintiff now moves to stay this case while she pursues "pending the exhaustion of Plaintiff [sic] Post Conviction [sic] remedies that Plaintiff begun [sic] in the 24th Judicial District Court of Louisiana in connection to this matter on February 19, 2021."[12]

## **LEGAL STANDARD**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."[13] Plaintiff, as the party requesting a stay, bears the burden of showing that the circumstances justify an exercise of that discretion.[14] In

---

[8] *Id.* at ¶¶ 76-77.
[9] *Id.* at ¶¶ 90-143.
[10] *Id.* at ¶¶ 3-8. Plaintiff initially also sued several entities and individuals from the state public defenders for their acts arising out of their representation of Plaintiff, namely Richard M. Tompson, District Defender of the 24th Judicial District, and Public Defenders Donna Oregula and Aubry Harris in their official and individual capacities, as well as the Louisiana Public Defender Board. R. Doc. 40 at ¶¶ 11-14. The Court has dismissed those claims. R. Docs. 61, 72. Plaintiff also sued Paul D. Connick, Jr., District Attorney for the 24th Judicial District, and Assistant District Attorney Joseph E. Lucore in their individual and official capacities for their acts arising out of their prosecution of Plaintiff. R. Doc. 40 at ¶¶ 9-10. The Court has dismissed those claims. R. Doc. 73. Finally, Plaintiff also sued Jefferson Parish, R. Doc. 40 at ¶ 15, but the Court has dismissed those claims, R. Doc. 73.
[11] R. Doc. 40 at ¶¶ 16-23.
[12] R. Doc. 77 at 1.
[13] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997).
[14] *See Nken v. Holder*, 556 U.S. 418 (2009).

2

deciding whether or not to issue a stay, a district court considers: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court."[15]

## LAW AND ANALYSIS

The Court does not find any compelling reason to stay the proceedings. Plaintiff requests a stay based on her motion to correct an illegal sentence in state district court, filed on February 19, 2021.[16] On March 25, 2021, the state district court denied Plaintiff's motion finding the "terms of [her] sentences are within the statutory parameters provided by law."[17] Plaintiff had thirty days to file a motion to appeal in the state district court,[18] but she did not do so.[19] As the state postconviction relief Plaintiff sought has been denied and the period for appealing that ruling has passed, a stay is unnecessary and will not simplify the issues in this case or reduce the burden of litigation on the parties. On the contrary, such a delay will burden the Defendants by postponing their presentation of defenses in a case that is now nineteen months old. Plaintiff has not shown that a further delay in this already lagging case is warranted.[20]

---

[15] *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citation omitted) (first citing *Seaquist Closures LLC v. Rexam Plastices*, No. 08C0106, 2008 WL 4691792, at *1 (E.D. Wis. Oct.22, 2008); and then citing *Tap Pharm. Prods., Inc. v. Atrix Lab'ys, Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D.Ill. Mar. 3, 2004); and then citing *Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*, No. 08 C 2389, 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008)); *see also Boice-Durant v. Kenner Police Dep't*, No. 12-603, R. Doc. 128, slip op. at 1-2 (E.D. La. Feb. 18, 2014) (same).
[16] R. Doc. 77 at 1, 4; R. Doc. 86-1 at 3; R. Doc. 86-2 at 2.
[17] *Louisiana v. Lawrence*, 16-3434, 16-3435, slip. op. at 1 (La. Dist. Ct. 24th Mar. 25, 2021), *reproduced in* R. Doc. 86-5 at 3; *see also* R. Doc. 86 at 4.
[18] La. Code Crim. Proc. art. 914(B)(1) (2021).
[19] R. Doc. 86 at 5; *see* R. Doc. 86-1 at 3; R. Doc. 86-2 at 2. Plaintiff claims she did not timely appeal because she did not receive a copy of the state district court's order until May 11, 2021, but even after receiving a copy of the order, she did not file a motion to appeal. R. Doc. 86 at 5.
[20] In her reply to the Defendants' opposition, Plaintiff also asks the Court to "issue and order for relief under a state petitioner habus Corps [sic] since Plaintiff can not [sic] exhaust her post conviction [sic] relief

## CONCLUSION

**IT IS ORDERED** that the motion to stay[21] filed by Plaintiff Shawndrika Lawrence is **DENIED**.

New Orleans, Louisiana this 22nd day of December, 2021.

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

**Clerk to Notify via Mail**:

Shawndrika Lawrence
1641 Arts Street
New Orleans, LA 70117

**Clerk to Notify via Email**:

Shawndrika Lawrence
lawrence8573@outlook.com

---

remedies without have [sic] a problem with the judicial system." R. Doc. 86 at 7. However, when a person in state custody challenges the very fact or duration of her custody, and the relief she seeks is a determination that she is entitled to immediate or speedier release from that custody, her "sole federal remedy is a writ of habeas corpus," which Plaintiff has not sought in this Court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[21] R. Doc. 77.