UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWNDRIKA LAWRENCE,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1615** |
| **JEFFERSON PARISH PUBLIC DEFENDERS, ET AL.,**<br>    Defendants | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c), *i.e.* a motion for judgment on the pleadings, or in the alternative, a motion for summary judgment.[1] Plaintiff Shawndrika Lawrence did not file an opposition to the motion. For the following reasons, the motion to dismiss under Rule 12(c) is **GRANTED**.

A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss.[2] Accordingly, the Court will analyze Defendants' motion as a Rule 12(b)(6) motion to dismiss.[3]

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[4] Ordinarily, the party urging prescription—the

---

[1] R. Doc. 97. The following Public Defender Defendants were dismissed at Record Document 61 and 72: Richard M. Tompson, District Defender; Public Defenders Donna Oregula and Aubry Harris; and Louisiana Public Defender Board. The District Attorney Defendants DA Paul D. Connick, Jr. and ADA Joseph E. Lucore were dismissed at Record Document 73. Defendant Jefferson Parish was dismissed at Record Document 73. Accordingly, "Defendants" refers to the following remaining police Defendants: Sheriff Joseph P. Lopinto III in his individual and official capacity; and the Sheriff's Office's employees Devin C. Dominic, Nicholas Schlacter, Mark Monson, and Sean Williams, all in their official and individual capacities.
[2] *Pasdon v. City of Peabody*, 417 F.3d 225 (1st Cir. 2005).
[3] The Court declines to hear this motion as a motion for summary judgment, finding it is not necessary.
[4] *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.2003)).

1

defendant—bears the burden of proof.[5] However, if prescription is evident from the face of the pleadings, the plaintiff bears the burden of proving her claims have not prescribed.[6] Moreover, the plaintiff bears the burden of showing that the case presents a rare and exceptional circumstance in which equitable tolling applies.[7]

In her Amended Complaint, Plaintiff brings the following claims under 42 U.S.C. § 1983 and Louisiana tort law against Defendants: false arrest, excessive force, a *Monell* claim, negligent infliction of emotional distress, negligence, and outrageous conduct.[8] The Court will address Plaintiff's claims below.

## I.     Plaintiff's State Law Claims

First, Plaintiff's state law tort claims are prescribed. "Like other states, Louisiana has numerous limitations—or 'prescriptive'—periods dependent on an actor's alleged misconduct. Louisiana's 'residual' prescriptive period for personal injury actions is one year under [Louisiana Civil Code] article 3492. [] Louisiana law carves out exceptions that provide for extended timeframes. One exception, as pertinent here, provides a two-year prescriptive period for 'delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence.'"[9]

It is an unsettled matter of Louisiana law whether an excessive force claim against a police officer is considered a "crime of violence" for the purpose of this prescriptive

---

[5] *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La. 1992) (citing *Lake Providence Equipment Co. v. Tallulah Production Credit Association*, 257 La. 104, 241 So.2d 506 (La.1970)).
[6] *Id.*
[7] *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).
[8] R. Doc. 40 at pp. 20-29.
[9] *Brown v. Pouncy*, No. 21-3415, 2022 WL 4594557, at *2 (W.D. La. Sept. 29, 2022) ("In this case, the Court 'observes that interpretation and application of Louisiana's various prescriptive periods to plaintiff's state law claims remains an issue within the particular province and expertise of the state courts.") (internal citations omitted).

period exception.¹⁰ Nonetheless, the Court need not reach this issue because, even if the prescriptive period for Plaintiff's tort claims was two years, the claims still would be prescribed.

Plaintiff alleges, on April 7, 2016, officers of the Jefferson Parish Sheriff's Office engaged in violations of her Fourth and Fourteenth Amendment rights during a traffic stop.¹¹ Pursuant to either the one- or two-year prescriptive periods, Plaintiff must have brought her state law claims related to that incident on or before April 7, 2017, or April 7, 2018, respectively. Plaintiff, however, did not file suit in this Court until May 29, 2020.¹² Moreover, Plaintiff has not articulated any reasons why the prescriptive period should not have run against her. As a result, even under the crime of violence exception, Plaintiff's state law claims are prescribed.

## II.     Plaintiff's Section 1983 Claims

Second, Plaintiff's Section 1983 claims are time-barred. Section 1983 cases are governed by the prescriptive period for tort actions of the state in which the conduct occurred.¹³ Federal courts sitting in Louisiana have traditionally applied Louisiana Civil Code article 3492 as the relevant state statute for determining the statute of limitations.¹⁴ Therefore, the statute of limitations for Section 1983 claims in Louisiana is one year.

---

¹⁰ *Id.* at *5.
¹¹ R. Doc. 40 at pp. 6-11.
¹² R. Doc. 1.
¹³ *Wilson v. Garcia*, 471 U.S. 261 (1985); *Jones v. Orleans Parish School Bd.*, 688 F.2d 342, 344 (5th Cir. 1982) ("It is well established in decisions in this Circuit that wrongs committed by Louisiana state officials in violation of federal law are considered to be torts subject to the one-year prescriptive period.").
¹⁴ *Brown*, No. 21-3415, 2022 WL 4594557, at *4 (collecting cases). District courts in the Fifth Circuit have recognized the challenges imposed by the one-year statute of limitations for Section 1983 plaintiffs in Louisiana. *Id.* ("While the Court is sympathetic to the dilemma Brown and similarly situated plaintiffs face in Louisiana, it must reject Brown's interpretation of the law [seeking to extend the statute of limitations to two years]. True enough, Louisiana's one-year prescriptive period is a relative outlier in the United States. Only Kentucky, Tennessee, and Puerto Rico have one-year limitation provisions that apply to Section 1983 claims."). However, even under the most liberal interpretations of the statute of limitations, Plaintiff's claims would be prescribed.

Accordingly, for the same reasons articulated above, Plaintiff's Section 1983 claims are time-barred.[15]

**IT IS ORDERED** that Defendants' motion to dismiss under Rule 12(c) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 7th day of November, 2022.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] Having found Plaintiff's claims are time-barred, the Court need not address Defendants' argument that Plaintiff's claims are barred by *Heck v. Humphrey*.