UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWNDRIKA LAWRENCE,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO.  20-1615 |
| JEFFERSON PARISH PUBLIC DEFENDERS, ET AL.,<br>    Defendants | SECTION: "E" (5) |

**ORDER AND REASONS**

Before the Court is Plaintiff Shawndrika Lawrence's motion to supplement the record with audio recordings and to allow the appellant to make financial arrangements to reinstate her appeal.[1] For the following reasons, the motion is **DENIED.**

On May 29, 2020, Plaintiff filed her Complaint in this Court.[2] On November 7, 2022, the Court dismissed Plaintiff's Complaint with prejudice, because Plaintiff's claims were barred by the statute of limitations.[3] On December 5, 2022, Plaintiff timely filed a notice of appeal.[4] The United States Court of Appeals for the Fifth Circuit dismissed Plaintiff's appeal for failure to prosecute on January 23, 2023, because Plaintiff failed to timely order a transcript and make financial arrangements to pay for the transcript.[5] Plaintiff filed a motion to reinstate the appeal, but finding that Plaintiff still had not ordered a transcript and made financial arrangements to pay for it, the Fifth Circuit denied Plaintiff's motion.[6] Now, Plaintiff filed the instant motion, which includes a request for two distinct types of relief: (1) Plaintiff asks this Court to supplement the

---

[1] R. Doc. 112.
[2] R. Doc. 1.
[3] R. Doc. 103.
[4] R. Doc. 105.
[5] R. Doc. 110.
[6] R. Doc. 111.

district court record with audio recordings; and (2) Plaintiff asks the Court to allow her to make financial arrangements to reinstate her appeal.[7]

First, Plaintiff asks the Court to supplement the district court record with audio recordings that were not previously made part of the record.[8] Plaintiff made the same request to the Fifth Circuit on appeal, and the Fifth Circuit denied Plaintiff's request.[9] Because Plaintiff's request has already been rejected by the Fifth Circuit, Plaintiff's motion to supplement the record with audio recordings is denied.

Second, Plaintiff asks the Court to "provide Plaintiff with the [c]orrect transcript order form . . . in addition to granting this motion issuing an order directing Plaintiff on how to proceed to make financial arrangements with the Court and the Court reporter to retrieve a transcript order form in this matter."[10] To the extent Plaintiff's motion is a request to obtain a transcript at the government's expense, the Court addresses that request below.

"To obtain a transcript at [the] government['s] expense, [an appellant] must satisfy the requirements of 28 U.S.C. § 753(f)."[11] "Section 753(f) provides that the United States shall pay the fees for transcripts furnished in civil proceedings to persons permitted to appeal in forma pauperis if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question."[12] "The moving party must also establish that the transcript is necessary for proper disposition of the appeal."[13]

---

[7] R. Doc. 112.
[8] *Id.* at p. 4.
[9] R. Doc. 112-1 at p. 1.
[10] R. Doc. 112 at pp. 4-5.
[11] *Haskett v. Unknown Clients #1-#9*, 789 F. App'x 489, 489 (5th Cir. 2020).
[12] *Id.* at 490. The appellate record indicates Plaintiff is proceeding in forma pauperis on appeal.
[13] *Id.*

First, Plaintiff must demonstrate her appeal is not frivolous, but presents a substantial question. Plaintiff's motion is devoid of any details as to the issues Plaintiff seeks to appeal.[14] Likewise, because no briefing has occurred, the appellate record provides no clarification.[15] Without such details, it is impossible for the Court to ascertain whether the appeal presents a substantial question, a burden of proof that rests with the moving party. Moreover, the Court dismissed Plaintiff's claims because Plaintiff's claims are clearly prescribed under Louisiana law.[16] Because Plaintiff failed to set forth any cognizable claims, the Court finds Plaintiff cannot satisfy the requisite criteria set forth in Section 753(f).[17]

Second, Plaintiff must demonstrate the transcript is necessary for proper disposition of the appeal. Plaintiff seeks to obtain a transcript from the September 1, 2022 Telephone Status Conference.[18] The Court made no rulings during this status conference.[19] Instead, as reflected by the Minute Entry, the Court merely used the status conference as an opportunity to discuss the status of the case and obtain updated contact information for Plaintiff. Plaintiff has failed to demonstrate how such a transcript would be necessary on appeal. Accordingly, the Court finds Plaintiff has failed to carry her burden of demonstrating she is entitled to obtain a transcript at the government's expense.

---

[14] *See* R. Doc. 112.
[15] *Lawrence v. Lopinto*, No. 22-30776 (5th Cir. 2023).
[16] R. Doc. 103 (granting Defendants' motion to dismiss because Plaintiff's claims were prescribed).
[17] *Ferguson v. Morgan*, 737 F. App'x 222, 222 (5th Cir. 2018) (denying the movant's request for a transcript where the movant failed to set forth a cognizable § 1983 claim and the appeal was without arguable merit).
[18] R. Doc. 112.
[19] R. Doc. 96.

**IT IS ORDERED** that Plaintiff's motion to supplement the record with audio recordings and to allow the appellant to make financial arrangements to reinstate the appeal[20] is **DENIED**.

**New Orleans, Louisiana, this 8th day of February, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 112. If Plaintiff wishes to attempt to reinstate her appeal, Plaintiff must contact the court reporter to make financial arrangements. The court reporter in attendance during the September 1, 2022, telephone status conference was Sandra Minutillo. Sandra Minutillo can be contacted at the following phone number or email: (504) 508-9804; sminutillo@live.com.